IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE H. CLAY, | ) | Case No.  1:04CV0469 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Ann Aldrich |
| | ) | |
| ROGER D. INGRAM., JR., et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |

This is a civil rights case, in which Clarence H. Clay ("Clay"), a prisoner and former inmate at Mansfield Correctional Institution, seeks relief for alleged improper medical care and inadequate treatment. Now before the court is a motion for entry of judgment on the pleadings (Docket No. 15), filed by defendants Dr. Indur Gujral ("Gujral") and Dr. Vicente Torres ("Torres"). For the following reasons, the court grants this motion, and enters judgment in favor of Gujral and Torres.

## I. Background

Clay alleges that he was physically assaulted by Corrections Officer Roger Ingram, Jr. ("Ingram") on April 1, 2003. He states he was in his housing unit at approximately 8:30 a.m. when Ingram and an inmate porter approached him with a container of trash and an empty box. Clay, responsible for taking the trash out to the gate, contends that he refused to take the box out with the trash because another inmate was assigned the job of disposing of boxes. The inmate porter would not remove the box from the trash, so Clay lifted it from the trash receptacle and placed it on the floor. He then carried the remainder of the trash to the gate. When he returned indoors, Ingram issued a conduct ticket to him and took him to the segregation unit.

Once in the segregation unit, Clay was told he was being charged with disrespect.  Clay protested that he was innocent of the charges and announced his intention to commit an act of disrespect that would merit the treatment he was to receive. As he passed Ingram on the way to a segregation cell, Clay yelled profanity and insults and invited Ingram to write a conduct ticket.

Clay arrived at his cell and placed his hands through a slot in the cell door so that the sergeant on duty could remove his handcuffs.  Ingram stepped in and removed the cuff from Clay's left wrist.  The sergeant began to walk away when Ingram began to remove the cuff; Clay contends that at that point, Ingram abandoned his efforts and began to pull on the cuff with a jerking motion, causing Clay's hand and arm to be drawn forcibly into the slot.  Clay indicates that the sergeant rushed back to intervene and removed the remaining handcuff.  The clinic was immediately called to examine Clay's injuries.

Gujral examined Clay on April 2, 2003 and ordered X-rays taken of Clay's hand and arm. The x-rays were inconclusive – a hairline fracture of the fifth metacarpal bone was visible on one of the x-ray views, while others did not reveal the existence of a fracture.  Clay's hand was wrapped in an ace bandage and he was given medication for the pain; Clay contends his hand should have been placed in a cast. He further contends that the pain medication aggravated other pre-existing health problems.  Clay states that he is still experiencing pain in his right hand which he believes is the result of nerve and ligament damage. Clay alleges that he saw Torres on April 22, 2003, and that despite the persistence of pain, Torres assured him that "there was nothing wrong" with his hand.

Finally, Clay alleges that Warden Margaret Bradshaw and Deputy Warden of Operations Sally Glover knew that Ingram had a history of committing inmate assaults and that they failed to take appropriate actions to remedy his behavior.  Warden Bradshaw affirmed the decision of the use of force committee which found

that Ingram did not violate prison regulations. Clay also indicates that Glover did not respond to his informal complaints.

On June 10, 2004, the court dismissed Clay's claims against Bradshaw and Glover, finding that he had not exhausted his administrative remedies against those two defendants. Gujral and Torres now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

## II. Discussion

Rule 12(c) permits any party to move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Filing a motion under Rule 12(c) permits the court to dispose of the legal issues in a case when the facts are not in dispute.

The standard of review for such motions closely resembles the familiar standard employed for motions to dismiss under Rule 12(b)(6).

> [W]e must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. We have noted, however, that we need not accept as true legal conclusions or unwarranted factual inferences.

*Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 2005 U.S. App. LEXIS 3623 (6th Cir. 2005), citing *Ziegler v. IBP HogMarket, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001); *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). A prisoner's *pro se* complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed ... if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citations omitted).

-3-

Clay's allegations amount to a claim under 42 U.S.C. § 1983 for a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The Supreme Court's Eighth Amendment jurisprudence has set a very high standard for plaintiffs claiming inadequate medical care. In *Hicks v. Frey*, 992 F.2d 1450, 1454-55 (6th Cir. 1993), the Sixth Circuit elaborated thusly:

> In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court established that a State (or political subdivision) has a constitutional obligation, under the Eighth and Fourteenth Amendments, to provide adequate medical care to those whom it has incarcerated. The Eighth Amendment prohibition against "'unnecessary and wanton infliction of pain,'" is violated when there is "deliberate indifference to serious medical needs of prisoners." *Estelle*, 429 U.S. at 104 (citation omitted). This court stated in *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988), *cert. denied*, 489 U.S. 1068 (1989), that to sustain a claim of deliberate indifference "it is not necessary that the prison officials consciously sought to inflict pain by withholding treatment. . . ." Mere negligence is not sufficient, however. The official's conduct "must demonstrate deliberateness tantamount to an intent to punish." *Id.*

The same court later specified that "a prisoner states a proper cause of action when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976).

Clay alleges nothing of the kind here. Even the most generous reading of his complaint can only give rise to the inference that prison officials negligently refused a superior form of treatment for his hand injuries. Such a refusal may well be beneath the level of knowledge, skill and care ordinarily possessed and employed by members of the medical profession, without rising to the level of deliberate indifference to serious medical needs.

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment and to constitutionalize

-4-

claims which sound in state tort law." *Layne v. Vinzant*, 657 F.2d 468, 474 (1st Cir. 1981). As this court has noted, without a firm belief in the capability of state law frameworks, one might question the wisdom of a federal standard which permits all medical deprivation short of the wanton. As it stands, however, Clay presents a complaint alleging cruel and unusual treatment, but not punishment, for which state tort rubrics are tailor-made. Thus he does not state a claim for which relief can be granted under the Eighth and Fourteenth Amendments to the United States Constitution, and fails to state a claim under 42 U.S.C. §1983. Judgment on the pleadings may be properly entered in favor of the movants, Gujral and Torres.

### IV. Conclusion

For the foregoing reasons, the Court grants the motion for judgment on the pleadings, and enters judgment in favor of defendants Gujral and Torres. The case shall proceed solely on Clay's claims against Roger Ingram. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this order in the documents to be served upon the defendants.

IT IS SO ORDERED.

          /s/ Ann Aldrich

ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated June 10, 2005**